## TAD BUFFINGTON v. STATE.

No. A-5972.   Opinion Filed Jan. 14, 1928.
(262 Pac. 699.)

James S. Davenport, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J.   The information in this case charges that in Craig county, January 25, 1925, John Bean, Lewis Bean, Isaac Bean, Henry Trott, and Tad Buffington did

unlawfully transport about one quart of intoxicating liquor from a point unknown to a point 3 1/4 miles southeast of Vinita. Upon arraignment, said defendants each entered a plea of not guilty. A severance was granted and appellant was placed on trial, which resulted in a verdict of guilty, fixing his punishment at a fine of $50 and confinement in the county jail for 30 days. He has appealed from the judgment rendered on the verdict.

The main question presented is whether the evidence was sufficient to sustain the verdict.

It appears that all of the defendants excepting Henry Trott are negroes; that immediately after the verdict in this case was returned, the state dismissed the case as to the defendants John, Lewis, and Isaac Bean.

The undisputed facts are that appellant had gone with Henry Trott in Trott's truck about 17 miles from Vinita to deliver a death message, received by the Western Union, at Vinita, addressed to the defendant Isaac Bean and he hired the defendant Trott to drive to the home of John Bean and deliver to him the telegram, and asked appellant, Buffington, to go with Trott and appellant on the trip to help to drive the truck. After the message was delivered they, together with the Bean brothers, started back to Vinita in the truck.

Henry J. Campbell, sheriff, testified that he first saw the defendants that evening in a Ford truck east of Vinita, about 10 miles, and that he came on to Vinita and then with his deputy, Powell Smith, went out about 3 miles and there waited for the defendants to come along, that he saw them coming something like a quarter of a mile; the truck stopped and he took his flash light and looked them over; Henry Trott was drunk, and he arrested them, brought them to Vinita, and put them in jail; that Tad Buffington was driving the truck; that there was a fruit

jar in the truck near Henry Trott that smelled of whisky; that he understood it was Henry Trott's truck.

Deputy Sheriff Smith testified:

"We saw the truck coming towards us. We stopped our car, and they stopped. Sheriff Campbell went to one side of their car and I went to the other. Sheriff Campbell picked up a jar from the floor of the car with some whisky in it."

As a witness in his own behalf appellant testified:

"Ike Bean got a telegram—he was living in town—that John and Lewis' sister was dead, and he gave it to me, and I delivered it down there. Telegram is offered in evidence. I went with Henry Trott out there and I delivered the telegram to John Bean, and John went with us a mile further to where his brother Lewis lived, then we all started back to town in Trott's truck; when we crossed Cabin creek bridge our lights went out, and I had a lantern and put it on the truck, and it went out; I got out to light the lantern when Mr. Campbell and Mr. Smith came up; I drove the truck for Mr. Trott; if there was any whisky there I did not know it; I didn't have anything to do with the jar or any whisky that was in it, and I did not drink any whisky. Ike Bean employed Mr. Trott to drive his truck down there."

In a criminal action the weight and credibility of the evidence is for the jury only if there is sufficient evidence of guilt.

The court failed to instruct on the law applicable to circumstantial evidence.

It is a well-settled rule in this jurisdiction that a conviction for violating a criminal law of the state may be had upon circumstantial evidence alone, when it is of such force as to reasonably exclude every hypothesis of the defendant's innocence.

Appellant did not own the truck and by driving it was only performing an accommodation to the owner. The

trip was at night, and he testified positively that he did not know of the fruit jar being in the back of the truck.

Upon a careful consideration of the record, our conclusion is the evidence is not sufficient to sustain a verdict of guilty.

It follows that the conviction should be set aside, and the judgment of the lower court reversed.

EDWARDS, J., concurs.

DAVENPORT, J., disqualified.